IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GERTRUDE KINTON,
           Plaintiff,

v.                                       Civil Action No. 3:20-cv-32

ANDREW M. SAUL, Commissioner of
Social Security,
           Defendant.

## OPINION

In 2016 and 2017, Gertrude Kinton filed claims with the Social Security Administration ("SSA") for disability benefits ("DIB") and supplemental social security income ("SSI"). After the SSA denied her claims, Kinton filed this case, challenging the SSA Commissioner's final decision. The Commissioner has moved to dismiss this case, arguing that Kinton did not file her complaint in a timely manner. Because Kinton did not file her complaint within the time period required by 42 U.S.C. § 405(g), the Court will dismiss this case with prejudice.

## I. BACKGROUND

Kinton filed a claim for DIB on August 31, 2016, and a claim for SSI on April 27, 2017. The SSA denied Kinton's claims on initial review and again on reconsideration. Kinton requested a hearing before an Administrative Law Judge ("ALJ"), which the SSA held on May 1, 2018. On September 28, 2018, the ALJ denied Kinton's claims, concluding that Kinton was not disabled because she could perform work existing in significant numbers in the national economy. Kinton appealed the ALJ's decision.

On June 26, 2019, the SSA's Appeals Council (the "Appeals Council") denied Kinton's request for review, rendering the ALJ's decision the final decision of the Commissioner. The Appeals Council's notice of denial indicated that Kinton had sixty days from the date she received

the notice to file a case in this Court. The notice of denial also indicated that it would assume that Kinton received the denial notice five days after the date of the notice, unless Kinton showed the Appeals Council that she did not receive it within that five-day period.

On July 24, 2019, Kinton filed a complaint in this Court, challenging the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). *See Kinton v. Saul*, No. 3:19-cv-532-JAG, Dk. No. 3 (E.D. Va. July 26, 2019). On January 16, 2020, the Court dismissed Kinton's case without prejudice for failure to prosecute.[1] *See Kinton v. Saul*, No. 3:19-cv-532-JAG, Dk. No. 17 (E.D. Va. Jan. 16, 2020).

On January 17, 2020, Kinton filed this case, which again challenges the Commissioner's June 26, 2019 final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). On January 21, 2020, the Court granted Kinton's motion to proceed *in forma pauperis*. On March 27, 2020, the Commissioner moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Kinton did not file her complaint on time.[2] Kinton never responded to the motion to dismiss.[3]

---

[1] On November 19, 2019, the Commissioner filed a motion to dismiss for failure to prosecute, which included the warnings required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). On November 22, 2019, the Court modified its September 26, 2019 Scheduling Order and ordered Kinton to file her summary judgment motion within thirty days. The Court also warned Kinton that failure to follow the Court's directives would result in the dismissal of her case. Kinton never filed a summary judgment motion.

[2] The motion included the warnings required by *Roseboro*, 528 F.2d at 310.

[3] On June 3, 2020, Kinton contacted the Clerk's Office regarding the status of her case, but she has not filed a motion for an extension of time or any other document.

2

## II. LEGAL STANDARD

A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims.[4] *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Kinton does here, courts do not expect her to frame legal issues with

---

[4] Here, the Commissioner attached the Notice of Appeals Council Action and referred to the Certified Administrative Record that was filed in Kinton's previous case. *See Kinton*, No. 3:19-cv-532-JAG. Because a Rule 12(b)(6) motion gauges the sufficiency of a complaint, courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference when evaluating such a motion. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). In appropriate cases, however, courts may also (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.* at 166; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (per curiam). Accordingly, the Court considers the Notice of Appeals Council Action attached to the motion to dismiss and the Certified Administrative Record filed in Kinton's prior case. *See Kinton*, No. 3:19-cv-532-JAG.

the clarity and precision expected from lawyers.  Accordingly, courts construe pro se complaints liberally.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  This principle, however, has limits.  *Id.*  Courts do not need to discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.*

### III. DISCUSSION

#### A. Timeliness

The Social Security Act ("Act") provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  The Commissioner's regulations allow a plaintiff challenging a final decision of the Commissioner to file a case in federal court within sixty days after the plaintiff receives the Appeals Council decision.  20 C.F.R. § 416.1482.  Additionally, the Appeals Council assumes that the plaintiff received its decision five days after the denial notice was mailed, unless the plaintiff shows that she did not receive it within that period.  *See Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 482 (W.D.N.Y. 2015).  Thus, a plaintiff must file a case in federal court within sixty days after she receives the Appeals Council decision, unless she shows that she did not receive it within that period.  *Id.*

Here, the Appeals Council notified Kinton of its decision on June 26, 2019.  The Appeals Council assumed that Kinton received the denial notice five days later, and no evidence exists to the contrary.  Thus, Kinton's sixty-day period for filing began on July 1, 2019.  Accordingly,

Kinton's complaint was due on August 30, 2019.[5]  Kinton did not file her complaint until January 17, 2020, 140 days after the sixty-day deadline expired.  Kinton, therefore, did not file her complaint on time.

### B.  Tolling

"Although a plaintiff generally must comply with the sixty-day deadline for commencing a judicial review of the Commissioner's decision, regulations allow for the Commissioner to extend the sixty-day deadline upon a showing of good cause by the plaintiff." *Simmons ex rel. N.J.A. v. Berryhill*, No. 3:16-cv-986, 2017 WL 1734053, at *3 (E.D. Va. Apr. 17, 2017), *report & recommendation adopted*, 2017 WL 1734035 (May 2, 2017).  Under the regulations, "[t]he request must be in writing and it must give the reasons why the action was not filed within the stated time period.  The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of [the SSA's] offices." 20 C.F.R. §§ 416.1482.  Additionally, a court "may equitably toll the sixty-day deadline" in "exceptional circumstances." *Simmons ex rel. N.J.A.*, 2017 WL 1734035, at *3.  The party "seeking equitable tolling bears the burden of establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Id.*

---

[5] Although Kinton's prior case was filed in a timely manner, the statute of limitations continued to run without interruption from the time her claim accrued. *See Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (per curiam) (discussing the statutory filing requirements in a Title VII action and noting that "in instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the ninety-day limitations period"). "[T]he mere fact that her complaint was dismissed *without* prejudice does not permit her to file a later complaint outside the statute of limitations." *Christides v. Comm'r*, 478 F. App'x 581, 584 (11th Cir. 2012).  Thus, the prior case did not extend the deadline for Kinton to file this case. *See id.*

Here, the Commissioner did not extend the sixty-day deadline for Kinton to file her civil action. Indeed, Kinton never filed a request for an extension with the Appeals Council. Thus, although the Appeals Council may have determined that Kinton had good cause to toll the sixty-day deadline, she did not provide the Commissioner an opportunity to grant her request. Regulatory tolling, therefore, does not apply.

Additionally, Kinton cannot establish that she has been pursuing her rights diligently, and that some extraordinary circumstance stood in her way. Kinton never requested an extension of time to file this case from either the Appeals Council or this Court. In her previous lawsuit challenging the same decision, Kinton failed to file the appropriate briefs despite repeated directions to do so. Moreover, Kinton did not respond to the Commissioner's motion to dismiss and has not otherwise explained why equitable tolling applies in her case. *Id.* Thus, Kinton has not diligently pursued her rights or established that extraordinary circumstances prevented her from filing this case by August 30, 2019. *Id.* Equitable tolling, therefore, does not apply.

## IV. CONCLUSION

Because Kinton did not timely file her complaint and tolling does not apply, the Court will dismiss this case with prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: 27 July 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

6